[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 29, 1998, the plaintiff, Francesco Bazzano (Bazzano), filed a ten count complaint against the defendants, City of Hartford, Police Chief Joseph Croughwell, Officer Gregory DiPietro, Officer Scott Sansom and Officers John Doe #1, #2, and #3, alleging violations of the state constitution and various state tort laws. The plaintiff alleges that on or about February 2, 1998, he suffered personal injuries and emotional distress when the defendant police officers used unnecessary and unreasonable force in subjecting him to an unlawful stop, detention, arrest, search and seizure.
The plaintiff alleges: violation of article first, §§ 7, 8
and 9 of the Connecticut constitution against defendants DiPietro, Sansom and John Does #1, #2 and #3 (count 1); recklessness and gross negligence against defendants DiPietro, CT Page 15386 Sansom and John Does #1, #2 and #3 (count 2); assault and battery against defendants DiPietro, Sansom and John Does #1, #2 and #3 (count 3); negligent infliction of emotional distress against defendants DiPietro, Sansom and John Does #1, #2 and #3 (count 4); intentional infliction of emotional distress against defendants DiPietro, Sansom and John Does #1, #2 and #3 (count 5); violation of article first, §§ 7, 8 and 9 of the Connecticut constitution against defendant Croughwell (count 6); violation of article first, §§ 7, 8 and 9 of the Connecticut constitution against defendant City of Hartford (count 7); liability pursuant to General Statute § 52-557n against defendant City of Hartford (count 8); liability under a theory of respondeat superior against defendant City of Hartford (count 9); and indemnification pursuant to General Statute § 7-465 against defendant City of Hartford (count 10).
On March 1, 1999, the defendants, City of Hartford, Joseph Croughwell, Gregory DiPietro and Scott Sansom (collectively the defendants) filed a motion to strike the portion of count one alleging a violation of article one, § 8 of the Connecticut constitution on the ground that "there is no colorable claim for money damages pursuant to article first, § 8 of the state constitution." At oral argument, the Court granted the motion to strike this claim because the facts alleged fail to state a claim under Article First § 8 of the Connecticut constitution which provides for the rights of an accused in criminal prosecutions. In addition, in the case of Kelly v. Property Development, Inc.v. Lebanon, 226 Conn. 314, 331, 627 A.2d 909 (1993), the court declined to recognize a cause of action under article first, § 8
of the Connecticut constitution for damages for violations of state due process rights by state or local government officials.
The defendants also move to strike counts six and seven. In counts six and seven, the plaintiff alleges that Chief Croughwell and the City of Hartford violated §§ 7, 8 and 9 of the Connecticut constitution because they improperly or inadequately trained or supervised their police officers in the performance of their duties. Specifically, the plaintiff alleges that the officers were inadequately trained in obtaining probable cause to arrest, effectuating arrests and identifying, apprehending and interacting with mentally impaired persons. Additionally, the plaintiff alleges that Chief Croughwell and the City of Hartford promoted and/or encouraged a policy that permitted the use of unreasonable and excessive force by their police officers. CT Page 15387
The defendants move to strike these counts on the ground that "no appellate court in Connecticut has recognized a cause of action for money damages under the state constitution as to a supervisor or municipality for the alleged unconstitutional conduct of its police officers." The plaintiff alleges in opposition to the defendants' motion to strike that "[t]he Court should recognize a cause of action for money damages under the state constitution as to Chief Joseph Croughwell and the City of Hartford for the unconstitutional conduct of its police officers."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
In Bivens v. Six Unknown Named Agents of Federal Bureau ofNarcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court concluded that federal courts possess the power to create a private cause of action for money damages directly under the federal constitution. Relying onBivens, the Connecticut Supreme Court in Binette v. Sabo,244 Conn. 23, 33, 710 A.2d 688 (1998), recently held that it has the inherent power to recognize new tort causes of action, whether derived from a statutory provision or rooted in the common law. In Binette, the court recognized a private cause of action for money damages for violations of article first, §§ 7 and 9 of the state constitution based on an alleged unreasonable search and seizure and unlawful arrest by defendant municipal police officers. See Binette v. Sabo, supra, 244 Conn. 49-50. As discussed supra, no appellate court in Connecticut has recognized a cause of action under article first, § 8 of the state constitution. See Kelley Property Development, Inc. v. Lebanon, supra, 226 Conn. 331.
In recognizing this new cause of action [under Article First, §§ 7 and 9], the court "emphasize[d] that our decision to recognize a Bivens-type remedy in this case does not mean that a constitutional cause of action exists for every violation of our CT Page 15388 state constitution." Binette v. Sabo, supra, 244 Conn. 47. Accordingly, the Binette court held that "[w]hether to recognize a cause of action for alleged violations of other state constitutional provisions in the future must be determined on a case-by-case basis. . . . [T]hat determination will be based on a multifactor analysis. The factors to be considered include: the nature of the constitutional provisions at issue; the nature of the purported unconstitutional conduct; the nature of the harm; separation of powers considerations and the other factors articulated in Bivens [supra, 403 U.S. 396] and its progeny; the concerns expressed in Kelly Property Development, Inc. [supra,226 Conn. 314]; and any other pertinent factors brought to light by future litigation." Binette v. Sabo, supra, 244 Conn. 48.
Utilizing this multifactorial analysis in the present case establishes that there are "special factors counselling hesitation" in the creation of a damages remedy. See Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics, supra,403 U.S. 396. It is important to note that the petitioner inBivens sued the agents of the Federal Bureau of Narcotics who allegedly violated his rights, not the Bureau itself. See Bivensv. Six Unknown Named Agents of Federal Bureau of Narcotics, supra, 389-90. In Federal Deposit Ins. Corp. v. Meyer,510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), the Supreme Court explained that it "implied a cause of action against federal officials in Bivens, in part, because a direct action against the Government was not available. . . . [T]he purpose ofBivens is to deter the officer. . . . If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers. . . . [T]he deterrent effects of the Bivens
remedy would be lost." (Emphasis in original.) Federal DepositIns. Corp. v. Meyer, supra, 485.
Likewise, the deterrent effects of the Bivens remedy would be lost if the court was to imply a damages cause of action directly against the municipality and a supervisor in the present case. Additionally, the plaintiff has stated a claim for relief under provisions of the Connecticut constitution and state tort law that affords him adequate redress. Moreover, the United States Supreme Court has recently "responded cautiously to suggestions that Bivens remedies be extended into new contexts." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins.Corp. v. Meyer, supra, 510 U.S. 484. CT Page 15389
Accordingly, the motion to strike is granted in its entirety.
Peck, J.